# JS CIVIL COVER SHEET

12-CV-3198

JS 44 (Rev. 09/11)

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
The Charter Oak Fire Insurance Company a/s/o the Covington at Providence Homeowners' Association

## DEFENDANTS
OMEGA FLEX, Inc.

**(b)** County of Residence of First Listed Plaintiff: **Hartford County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Chester County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas J. Underwood, Jr., Esquire, Law Offices of Robert A. Stutman, P.C., 20 E. Taunton Rd. Suite 403, Berlin, NJ 08009 856-767-6800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☒ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☒ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
gas line failed and caused a fire

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 6/6/2012

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

JUN 06 2012

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate Calendar.

12  3198

Address of Plaintiff: One Tower Square, Hartford, CT 06183

Address of Defendant: 451 Creamery Way, Exton, PA 19341

Place of Accident, Incident or Transaction: 11177 Saintsbury Place, Charlotte, NC
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Thomas J. Underwood, Jr., counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/6/2012   _____ Attorney-at-Law   #81244 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/6/2012   _____ Attorney-at-Law   #81244 Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| The Charter Oak Fire Insurance Company a/s/o the Covington at Providence Homeowners' Association : <br> OMEGA FLEX, Inc. v. : | CIVIL ACTION <br><br> NO. 12 3198 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

6/6/2012                 /s/ [signature]                 Plaintiff
**Date**           **Attorney-at-law**           **Attorney for**

856-767-6800 x11     856-767-6810     Underwood T @ Stutman law com
**Telephone**        **FAX Number**   **E-Mail Address**

(Civ. 660) 10/02



# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY as subrogee of the Covington at Providence Homeowners' Association | Civil Action |
| Plaintiff, | No.:_____ |
| vs. | **COMPLAINT** |
| OMEGA FLEX, INC. | **(JURY TRIAL DEMANDED)** |
| Defendant. | |

Plaintiff, the Charter Oak Fire Insurance Company as subrogee of the Covington at Providence Homeowners' Association (hereinafter referred to as "Plaintiff") by and through their attorneys hereby bring this Complaint and alleges as follows:

## THE PARTIES

1. Plaintiff, the Charter Oak Fire Insurance Company (hereinafter "Charter Oak") is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at One Tower Square, Hartford, Connecticut, 06183.

2. At all material times, Charter Oak was duly authorized to issue policies of insurance in the State of North Carolina, and provided insurance to the Covington at Providence Homeowners' Association (hereinafter referred to as the "Covington") under policy number IO680-6794L131 (hereinafter referred to as "the Policy")

3. Defendant, Omega Flex, Inc. (hereinafter "Omega") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 451 Creamery Way, Exton, Pennsylvania 19341-2509.

4. At all times material hereto, Defendant Omega designed, engineered, manufactured, inspected, tested, marketed, sold, distributed and/or placed into the stream of commerce a product known as corrugated stainless steel tubing ("CSST") for use in the distribution of natural gas and/or propane in various applications, including residential homes and commercial buildings. Specifically, Omega placed its CSST into the stream of commerce such that it was installed in the home located at the Property.

## JURISDICTION AND VENUE

5. Plaintiff, Charter Oak is a citizen of the State of Connecticut. Defendant, Omega is a citizen of the Commonwealth of Pennsylvania. As such, diversity exists between the plaintiff and the defendant.

6. The amount in controversy in this matter exceeds $75,000.00 exclusive of interest and costs.

7. Accordingly, the United States District Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

8. Pursuant to 28 U.S.C. §1391, venue is proper within the United States District Court for the Eastern District of Pennsylvania because it is the judicial district wherein defendant is incorporated and has its principal place of business.

## BACKGROUND

9. This matter involves a fire in a corporate-owned unit of a townhouse complex known as Covington at Providence. The subject unit has an address of 11177 Saintsbury Place, Charlotte, North Carolina (hereinafter referred to as the "Property").

10. At all times material hereto, Omega was engaged in the business of engineering, designing, manufacturing, testing, inspecting, distributing, marketing, packaging and/or

selling corrugated stainless steel gas tubing under the brand name "TracPipe" (hereinafter "CSST").

11. At all times relevant hereto, the Plaintiff, Charter Oak insured the Covington at Providence HOA.

12. During construction of the Property in 2006, CSST was installed for the distribution of gas at the Property.

13. Prior to July 13, 2010, Omega manufactured the CSST installed in the Property.

14. On or about July 13, 2010, a lightning strike occurred at or near the Property causing the CSST to fail, resulting in a hole.

15. This hole allowed gas to escape from the CSST and ignite a substantial fire that spread to the rest of the Property (hereinafter the "Fire").

16. As a result of the fire, Plaintiff's insured suffered significant damage to the Property and its contents in excess of $75,000.00.

## COUNT I – NEGLIGENCE

17. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein at length.

18. Defendant Omega owed Plaintiff's insured a duty to use ordinary care in connection with the design and manufacture of the CSST, the selection of materials used to manufacture the CSST, the assembly of the CSST, the inspection of the CSST, the testing of the CSST and the packaging of the CSST in order to protect users from an unreasonable risk of harm when using the CSST for its intended purpose.

19. Defendant Omega owed Plaintiff's insured a duty to give reasonable and adequate instructions with respect to the conditions and methods of the safe use of CSST since

danger of fire was reasonably foreseeable when CSST was used in the manner in which it was intended.

20. Defendant Omega owed Plaintiff's insured a duty to exercise ordinary care and skill in connection with the design, engineering, manufacture, inspection, testing, marketing, sale and/or distribution of CSST and/or placing CSST into the stream of commerce.

21. Defendant Omega owed Plaintiff's insured a duty to exercise ordinary care to protect Plaintiff's insured against the risk of fire.

22. Defendant Omega owed Plaintiff's insured a duty to exercise ordinary care to ensure that the CSST was reasonably fit for the purpose for which it was designed, engineered, manufactured, inspected, tested, marketed, sold, distributed, placed into the stream of commerce and/or intended to be used.

23. Defendant Omega owed Plaintiff's insured a duty to warn that the CSST was not reasonably fit for the purpose for which it was designed, engineered, manufactured, inspected, tested, marketed, sold, distributed, placed into the stream of commerce and/or intended to be used.

24. Defendant Omega breached these duties by failing to exercise ordinary care and skill in the design, engineering, manufacture, inspection, testing, marketing, sale, distribution of CSST and/or placing CSST into the stream of commerce, both generally and specifically, as follows:

    a. Negligently designing, engineering, manufacturing, testing, marketing, distributing, selling and/or inspecting CSST and/or placing CSST into the stream of commerce;

b. Failing to observe and exercise a reasonable degree of care and skill in the design, engineering, manufacture, testing, marketing, distribution, sale and/or inspection of CSST and/or placing CSST into the stream of commerce;

c. Failing to design, engineer, manufacture, test, market, distribute, sell and/or inspect CSST and/or place CSST into the stream of commerce so that it was safe and fit for its intended use;

d. Failing to ensure that CSST could withstand anticipated levels of electrical activity generated by lightning strikes;

e. Failing to implement an appropriate bonding and/or grounding procedure in connection with the installation of CSST;

f. Failing to warn Plaintiff's insured that the CSST piping was defective and could start a fire;

g. Failing to properly train and/or supervise its employees, agents, servants, contractors and/or other representatives in the design, engineering, manufacture, testing, marketing, distribution, sale and/or inspection of the CSST piping so that it was safe and free from risk of fire;

h. Utilizing engineers, designers, laborers, consultants, contractors and/or employees that Defendant Omega knew, or in the exercise of due care, should have known, were not properly trained to design, engineer, manufacture, test, inspect, sell, market and/or distribute CSST and/or place CSST into the stream of commerce;

i. Failing to design, engineer, manufacture, market, distribute, sell, test and/or inspect CSST and/or place CSST into the stream of commerce in accordance with local, state and/or federal statutes and/or other recognized and/or applicable codes, laws, rules, regulations and/or other requirements;

j. Failing to discover, repair and/or correct the defect(s) and/or deficiency(ies) in the design, engineering, manufacture, packaging, testing, inspection, marketing, distribution and/or sale of CSST and/or placing CSST into the stream of commerce, which may have caused the CSST to fail in the course of its normal and intended use;

k. Failing to design, engineer, manufacture, test, inspect, market, distribute and/or sell CSST and/or place the CSST into the stream of commerce in such a way as to not create a foreseeable risk of harm to people and/or property;

l. Failing to provide installers, distributors, salespeople and/or intended users with adequate instructions, warnings and/or information concerning the defect(s) and/or deficiency(ies) that caused the CSST to fail in the course of its normal and intended use; and

m. Failing to properly design, engineer, manufacture, inspect, test, distribute, sell and/or market the CSST and/or place the CSST into the stream of commerce so as to ensure its fitness and safety.

25. The July 13, 2010 fire and resultant damages were the direct and proximate result of the aforementioned negligence, gross negligence, recklessness and/or carelessness and/or negligent acts and/or omissions by Defendant Omega.

26. The negligence, gross negligence, recklessness and/or carelessness and/or negligent acts and/or omissions described in the preceding paragraphs were committed by Defendant Omega and/or its duly authorized agents, servants, workmen, contractors, employees and/or other authorized representatives of Defendant Omega, acting within the scope and during the course of their relationship, agency and/or employment.

27. The July 13, 2010 fire and resulting damage was a direct, proximate and foreseeable result of Defendant Omega's negligence and/or carelessness.

WHEREFORE Plaintiff demands judgment in its favor and against Defendant Omega in an amount in excess of $75,000.00, together with pre- and post-judgment interest, costs and such other relief as this Court deems just and proper under the circumstances.

## COUNT II – STRICT PRODUCTS LIABILITY

28. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein at length.

29. Defendant Omega was engaged in the business of designing, engineering, manufacturing, inspecting, testing, distributing, selling and/or marketing CSST and/or placing CSST into the stream of commerce.

30. Defendant Omega's CSST was expected to, and did, reach the Property without substantial change in its condition.

31.  Defendant Omega supplied the CSST in a defective condition that rendered it unreasonably dangerous.

32.  The CSST was defective, in that it failed, released gas and caused a substantial fire.

33.  Plaintiff's insured utilized the CSST for the purposes and in the manner intended and/or reasonably anticipated by Defendant Omega.

34.  Plaintiff's insured could not, by the exercise of reasonable care, have discovered the defect(s) and/or deficiency(ies) herein mentioned and/or perceived the danger inherent in the CSST.

35.  Plaintiff's insured's damages resulting from the July 13, 2010 fire were the result of:

   a. The manufacturing defect in the CSST, evidenced by the fact that it failed, leaked gas and ignited a fire, existed when the CSST left the possession and/or control of Omega;

   b. The failure to warn Plaintiff's insured of the serious and foreseeable risk of harm posed by the defect(s) and/or deficiency(ies) in the CSST, which caused it to fail, leak gas and ignite a fire in the course of its normal and intended use; and

   c. The design defect, evidenced by the failure of the CSST, resultant gas leak and fire, which existed when the existed when the CSST left the possession and/or control of Omega.

36.  The defective condition of the CSST was the direct, proximate and foreseeable cause of the July 13, 2010 fire and Plaintiff's insured's resultant damages.

WHEREFORE Plaintiff demands judgment in its favor and against Defendant Omega in an amount in excess of $75,000.00, together with pre- and post-judgment interest, costs and such other relief as this Court deems just and proper under the circumstances.

## COUNT III – BREACH OF WARRANTY OF MERCHANTABILITY

37. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein at length.

38. Defendant Omega expressly and/or impliedly agreed to design, engineer, manufacture, inspect, test, distribute, sell and/or market CSST and/or place CSST into the stream of commerce in a good and workmanlike manner, and in accordance with all relevant local, state and federal laws, rules, regulations and codes, as well as in accordance with all industry standards and trade practices.

39. Defendant Omega could reasonably expect that homeowners generally, and Plaintiff's insureds specifically, might utilize CSST.

40. Plaintiff's insureds relied on Defendant Omega's express and/or implied representations that the CSST was safe and fit for its normal and intended use.

41. Plaintiff's insureds utilized the CSST in a foreseeable and ordinary manner and yet sustained damage when the fire occurred due to defects in the design, engineering, manufacture, inspection, testing, distribution, sale and/or marketing of the CSST and/or placing the CSST into the stream of commerce, which caused damage to the Property.

42. Defendant Omega designed, engineered, manufactured, inspected, tested, distributed, sold, marketed and/or placed into the stream of commerce CSST that was not

of merchantable quality, in that it was not fit for the ordinary purpose for which it was intended, and was not adequately contained, packaged or labeled.

43. The CSST was not fit for the ordinary purpose for which it was intended because it failed when lightning struck at or near the Property, thereby releasing gas and igniting a fire that caused significant damage to the Property.

44. The fire of July 13, 2010 and resultant damages were the direct, proximate and foreseeable result of the unmerchantable condition of the CSST sold by Defendant Omega.

WHEREFORE Plaintiff demands judgment in its favor and against Defendant Omega in an amount in excess of $75,000.00, together with pre- and post-judgment interest, costs and such other relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

LAW OFFICES OF ROBERT A. STUTMAN, P.C.

Dated: 6/6/2012   By: _____
Thomas J. Underwood, Jr., Esquire
20 East Taunton Road, Suite 403
Berlin, New Jersey 08009
Telephone: (856) 767-6800
*Attorney for Plaintiff*